# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 1, 2014

148645 & (17)(18)(23)(24)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

DONALD LEE KISSNER,
      Defendant-Appellant.

_____/

SC: 148645
COA: 315188
Shiawassee CC: 01-007380-FH

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

On order of the Court, the application for leave to appeal the October 29, 2013 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Shiawassee Circuit Court for further proceedings. The circuit court failed to provide the defendant with advice concerning his appellate rights at his original sentencing or at the sentencing following probation violation, as required under the court rules in effect at the time of his sentencing, MCR 6.425(E)(2) and MCR 6.445(H)(2), respectively. Upon remand, the court shall properly advise the defendant that he is entitled to file an application for leave to appeal to the Court of Appeals, and/or any appropriate postconviction motions in the trial court, pursuant to the versions of MCR 7.205(F)(3), MCR 6.311, and MCR 6.429 in effect at the time of the defendant's sentencing. We further note that because the defendant's minimum sentence exceeded the upper limit of the sentencing guidelines range, he is entitled to an attorney under MCL 770.3a(2)(b), which was in effect at the time that the defendant was sentenced. In his application for leave to appeal or postconviction motion, the defendant may include among the issues raised those issues presented in his application for leave to appeal to this Court, but is not required to do so. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should now be reviewed by this Court. The motion to join dockets for hearing is DENIED. In light of this Court's order, the motions for remand, appointment of counsel, and oral arguments are DENIED as moot.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 1, 2014



Clerk

p0924